**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

ERIC D. LOZANO,                        §
                                       §
              Plaintiff,               §
                                       §
versus                                 §      CIVIL ACTION NO. 1:18-CV-16
                                       §
LORIE DAVIS, et al.,                   §
                                       §
              Defendants.              §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric D. Lozano, an inmate confined at the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Lorie Davis, Darrell K. Nash and Timothy W. Aylor. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The defendants have filed motions to dismiss, which the magistrate judge treated as motions for summary judgment. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motions be granted based on his conclusion that plaintiff failed to exhaust his administrative remedies.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The court has been provided with three grievances filed by plaintiff. The Step 1 and Step 2 grievances attached to his complaint concern events which occurred at the Stringfellow Unit. This lawsuit involves events which occurred at the LeBlanc Unit. Grievance number 2018064007 consists of a Step 1 grievance that was returned to plaintiff as redundant and a Step 2 grievance

which plaintiff states he filed, but did not receive a response from prison officials.  Grievance number 2018050462 consists of Step 1 and Step 2 grievances which were not responded to until after the date on which this lawsuit is considered to have been filed.

The magistrate judge concluded the grievances attached to plaintiff's complaint did not constitute adequate exhaustion because they involved events that occurred at a different unit and individuals other than the named defendants in this lawsuit.  Grievance number 2018064007 was found to be insufficient to exhaust plaintiff's administrative remedies because the deadline for prison officials to have responded to plaintiff's Step 2 grievance was after the date on which this case is considered to have been filed.  Grievance number 2018050462 was found to be insufficient for exhaustion purposes because it was not responded to until after the lawsuit was filed.

Plaintiff contends the Step 1 and Step 2 grievances he attached to his complaint should have satisfied the exhaustion requirement because his lawsuit concerns a prison policy which is the same at all units within the state prison system.

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust available administrative remedies before filing a lawsuit.  The exhaustion requirement serves two purposes: (1) protecting the authority of administrative agencies by allowing an agency to correct its own mistakes before a lawsuit is filed and (2) promoting efficiency as administrative review processes are generally faster and more economical than litigation.  *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  To be considered sufficient to satisfy the exhaustion requirement, the grievance should give prison officials "fair notice" of the conditions that form the basis for the lawsuit.  *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2005).

The grievances attached to plaintiff's complaint concern the same policy that is at issue in this lawsuit.  However, policies can be implemented differently at different units.  The grievances attached to the complaint, which attacked the policy as it was implemented at the Stringfellow Unit, did not give prison officials fair notice of how the policy was being implemented at the LeBlanc Unit.  It therefore did not serve the first purpose of the exhaustion requirement because

2

it did not give the administrative agency the chance to correct whatever mistakes might have been being made at the LeBlanc Unit.   As a result, the grievances attached to the complaint are insufficient to satisfy the statutory exhaustion requirement.

In support of his contention that the grievances attached to his complaint were sufficient, plaintiff cites *Moussazdeh v. Texas Department of Criminal Justice*, 703 F.3d 781 (5th Cir. 2012). However, that case is distinguishable.   In *Moussazdeth*, the plaintiff, prior to filing suit, exhausted his administrative remedies by filing grievances concerning conditions at the Eastham Unit, where he was incarcerated when he filed his lawsuit.   While the plaintiff was subsequently transferred to other units, the United States Court of Appeals for the Fifth Circuit held that the grievances he filed concerning conditions at the Eastham Unit satisfied the exhaustion requirement.   In the present case, however, plaintiff's grievances concern events at a unit other than the unit where he was incarcerated when the case was filed.   In *Moussazdeth*, the plaintiff could not have done any more prior to filing his lawsuit because he had not been housed at the units to which he was subsequently transferred.   Here, plaintiff could have completed the grievance procedure with respect to events at the Stiles Unit prior to filing this case.   As a result, *Moussazdeth* does not support the conclusion that the grievances attached to the complaint are sufficient.

With respect to grievance number 2018064007, plaintiff states that his Step 1 grievance was returned to him as being redundant of grievance number 2018050462, and states the grievance procedure does not give an inmate a way to file a Step 2 grievance when a Step 1 grievance is returned as redundant.   He contends that as there was no means for him to file a Step 2 grievance, his Step 1 grievance should be deemed to have adequately exhausted his administrative remedies.

Administrative remedies are not considered to be exhausted unless a prisoner pursued his grievance through the conclusion of a multi-step administrative procedure.   *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).   Plaintiff states the grievance procedure does not permit a Step 1 grievance rejected as redundant to be appealed.   However, he admits he filed a Step 2 grievance.   He was then required to wait until the period for prison officials to respond

3

to the Step 2 grievance elapsed before filing this lawsuit.  *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (a prisoner is considered to have pursued his grievance remedies to conclusion as of the date the time period for the prison to respond to the grievance expired).

Moreover, the fact that plaintiff's Step 1 grievance  for grievance number 2018064007 was rejected as redundant prevents the conclusion that the Step 1 grievance satisfied the exhaustion requirement.  Prisoners are required to exhaust their administrative remedies in a procedurally correct manner.  *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).  As plaintiff's Step 1 grievance was rejected as redundant, it was not filed in a procedurally correct manner.

## ORDER

Accordingly, the objections filed by plaintiff are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.  The motions for summary judgment are **GRANTED**.  A final judgment shall be entered dismissing this lawsuit.

SIGNED at Beaumont, Texas, this 29th day of January, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4